UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JESSE T.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendants.

6:22-cv-1927-JR

OPINION & ORDER

Russo, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income. Plaintiff asserts disability beginning September 2, 2020, due to a learning disability and hearing loss resulting from a cancerous brain tumor and treatment side effects. Tr. 202, 219, 226, 231. After a hearing held on November 12, 2021, an Administrative Law Judge (ALJ) determined plaintiff was not disabled. Tr. 33-65, 28. Plaintiff contends the ALJ erred by: (1) failing to analyze evidence demonstrating

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Order uses the same designation for a non-governmental party's immediate family member.

a need for a supportive environment; and (2) failing to account for moderate limitations in ability to interact with others. Plaintiff also asserts the Appeals Council erred by finding evidence submitted on appeal was not new and material.

A.    Supportive Environment

At the age of three, plaintiff was diagnosed with medulloblastoma. Tr. 92. The chemotherapy and radiation therapy used to treat his brain tumor resulted in hearing loss, short stature, and learning difficulties. Tr. 92, 297.

In June 2020, plaintiff obtained a modified high school diploma due to difficulties with short term memory, recall and auditory processing. Tr. 295, 296. A learning transition specialist from plaintiff's high school stated:

> Due to memory issues caused by a brain tumor Jesse requires additional repetition beyond what someone who does not have a disability needs to be successful in academic or work settings. Jesse will require additional supports for any training, academic or new work situations. I have been working with Jesse on many different skills including budgeting, community access, employability skills, and trainings related to summer employment. Jesse's processing speed is significantly lower than his non-disabled peers taking at times up to 3 minutes for him to develop an answer to a question outside of an area of extreme interest for Jesse. He scored lowest in auditory processing as well as decision making on the Kaufman Assessment Battery for Children - Second Edition, Normative Update (KABC-11 NU). Jesse is able to redirect himself and is an excellent advocate for his needs. Jesse currently works for the after-school program which required him to complete extensive online trainings in order to gain employment with the district. While doing the training Jesse was observed retaking the tests up to 3 times at the end of each section in order to pass. Because the test did not change it is possible that he continued to guess on the ones he did not know until he got them right.

Tr. 295.

Karen Rael, plaintiff's special education case manager, provided a non-medical source statement based on her observations of plaintiff from his sophomore through senior year of school. On September 22, 2021, Rael opined:

Page 2 – OPINION & ORDER

> As long as I have known Jesse, he has always thrived when he got the support he needed, and the people around him understood what it takes for him to be successful. It is truly imperative that he continues to access support, until his independent skills are developed, and he has shown an ability to live and work independently. In applying those to the workplace and daily living; Jesse will need support in having hands-on learning experiences, continue his work with self-advocacy, training in any new job, and he will need support learning how to ask clarifying questions and follow multiple step tasks. He will also need support in learning about daily living skills such as counting money, and eventually the ability to pay his own bills, transportation planning, grocery shopping and other skills trained in order to live independently.
>
> In conclusion, Jesse is a person who will be needing support to gain the skills necessary to follow multi-step instructions without intervention in the workplace, as well as additional support and training for him to live independently. As previous experience has proven, with proper support in place, Jesse would be able to achieve his goals for his future.

Tr. 298.

Aaron Brownstone, counselor with Oregon Vocational Rehabilitation also provided a non-medical source statement. On September 24, 2021, Brownstone opined that plaintiff:

> does well completing hands on tasks that serve a purpose for him at the moment. In regard to his ability to function to similarly to same aged peers, regarding a reasonable level of independence, that would be a resounding no. In looking at his testing scores we know it requires time and repetition for him to take in new information and to make sense of it. His ability to problem solve in the moment, or comprehend basic information presented to him in multiple ways takes a substantially long time. For example, completing his VR intake which reviews a large amount of information at 1 time, required explaining basic concepts like consent to release information 3-4 times in a progressively more simplified way prior to him acknowledging he understood. Additionally, when we get into the more academic process of reading, writing, and performing basic math, his testing shows pronounced limitations. I would venture to state the practice of grocery shopping would be difficult as he may have a very real struggle to estimate items costs in comparison to the money he has available, even should be attempting to add item costs rounding up to the nearest dollar. As this process requires registering the numbers, rounding to the nearest whole number, adding that to a number that was mentally retained as a running total, and being compared to the number you recall must not be passed. If we were to extend this to household budgeting, I think the task would become even more complicated by the abstract concepts of estimating monthly earnings, and recalling the bills that were due, in addition to variation of monthly costs.
> Additional medical documentation reviewed by VRC, such as what was attained from the client's PCP, has referenced common problems that would be

> consistent with what might be found with a TBI. This makes sense in consideration of his brain tumor and subsequent treatment. Frequent forgetfulness, occasional obsessive focus on a given topic, and difficulty with mood regulation especially when overwhelmed or uncertain about expectations. We also know that the client requires time to develop relationships with others in order to have the best work outcomes. For example, during a summer work experience he had with the school district's summer youth program, his success was largely attributed to his ongoing working relationship with his co-workers. These were school staff that he has been supported by for a number of years. As well as his job consisting of interacting with students doing structured sports activities with regularly repeated instructions along with his established understanding and guidance of co-workers to help set-up, take-down, and routine activities such as filling water coolers, etc. Due to these limitations, and the impact of his brain tumor and subsequent treatment the school team and myself will be working to support this client in obtaining county Developmental Disability Services, as I anticipate a need for ongoing supports in developing independence and other essential adult skills. Though I believe that with a reasonable level of initial support and training he will be capable of developing skills to foster long-term independence he will require available supports to address the uncertain shifts that accompany adulthood and independence. If I needed to guess, that level of support may be akin to supported apartment living where staff would be available to check in regularly and he were able to walk down a hallway to ask for help or having a consistent support person available to check in with him and help with various independent living tasks a couple times a week.

Tr. 299-300.

The ALJ found both Rael's and Brownstone's statements to be persuasive. Tr. 26. Plaintiff asserts the ALJ erred in relying on vocational expert (VE) testimony based on a residual functional capacity (RFC) that did not include a need for psychological supports. The Commissioner contends the ALJ properly accounted for the opinions of Ruel and Brownstone by limiting plaintiff to simple, repetitive, routine, tasks.

When asked if plaintiff:

> requires time and repetition for him to take in new information and make sense of it and his ability or problem solve in the moment or comprehend basic information presented to him in multiple ways, so it takes a substantially long time. In your experience, are employers willing to take substantial time to repeat instructions to their employees without it jeopardizing their employment?

Page 4 – OPINION & ORDER

The VE stated if time off task was required more than fifteen percent of the total work time, that would not be tolerable. Tr. 62-63.

Here it is not clear if the limitation to simple repetitive tasks sufficiently captures the limitations noted by Rael and Brownstone. Those limitations include the need for support to gain the necessary skills to follow multi-step instructions without intervention in the workplace; requiring repetition to understand new information; and requiring that basic information be presented to him in multiple ways over a substantially long time period. Accordingly, the ALJ erred in failing to account for these limitations or explaining why they were not included in the RFC after having accepted Rael's and Brownstone's assessment. The hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir.2009).

B.   Ability to Interact with Others

Plaintiff asserts the ALJ failed to include moderate limitations in plaintiff's ability to interact with others in the RFC.

The ALJ determined plaintiff has moderate limitations interacting with others. Tr. 21. The ALJ did not include such limitation in his RFC finding. However, the ALJ made this determination in the context of whether plaintiff's mental impairments meet the listings for a finding of disability. The Commissioner asserts the ALJ made this finding with respect to non-work environments. Nonetheless, the record could benefit from further development regarding how this limitation may impact plaintiff's ability to work. For example, a VE opinion as to whether this limitation impacts plaintiff's ability to obtain and sustain employment.

Page 5 – OPINION & ORDER

C.    New and Material Evidence

Plaintiff submitted evidence to the Appeals Council regarding cognitive testing showing plaintiff's limited intellectual ability. Tr. 11-12. While this test was new, it showed similar results to cognitive tests already in the record and reviewed by the ALJ. Tr. 475-76. Nonetheless, given that remand is necessary for the reasons noted above, the Administration may also address the new cognitive testing submitted to the Appeals Council upon remand as well.

D.    Remand

If the ALJ erred in some respect in reaching a decision to deny benefits and the error was not harmless, ordinarily, the remedy is to remand for further proceedings. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). A remand for an award of benefits should only be made in rare circumstances. Id. at 1100. Plaintiff does not seek a remand for an award of benefits but, rather, asserts further administrative proceedings are necessary. The Court agrees that a remand is necessary to address the issues noted above.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings. The Clerk is directed to enter a judgment accordingly.

DATED this 6th day of November, 2023.

/s/ Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge